DECISION.
Defendant-appellant Darrell Ford was convicted, following a jury trial, of one count of felonious assault. He was acquitted of a second charge. On appeal, Ford claims that the trial court erred by admitting character evidence and by not admitting testimony that came within an exception to the hearsay rule. Ford also claims that he was deprived of the effective assistance of counsel and that the verdict was not supported by sufficient evidence and was contrary to the manifest weight of the evidence. For the the following reasons, we hold that no prejudicial error occurred in the trial court and we accordingly affirm the conviction.
The case arose when Michael McDonald, Matthew Bramer, Stephanie Haynes and Brian Bosom, the occupants of one car, got into a verbal altercation with Danny Trainor, Justin Stursman, Charles Francis, Scott Herth and Janet Prows, the occupants of another car. The cars were next to each other at an intersection when the altercation occurred. The cause of the altercation was disputed, but it escalated from words to throwing soda or beer cans. When the light turned green, McDonald and his friends turned right into a Walgreen's parking lot, while Trainor and his passengers turned left into a gasoline station. Darrell Ford and his girlfriend had been following the Trainor car, and he pulled his car in behind Trainor's car in the gas station's parking lot. Stursman, Francis, and Herth ran across the street toward Walgreen's.
McDonald and Bramer both testified that they saw Stursman and/or Herth carrying a brick. Stursman and McDonald engaged in a physical confrontation, which resulted in McDonald wrestling Stursman to the ground. McDonald testified that when he had Stursman pinned on the ground, the parties seemed to separate, and he thought that the confrontation was over. He stood up, but then someone hit him on the head with a bottle. Stursman and the others with him ran back to their car across the street and left. McDonald was seriously injured by the blow to his head. The police were called, and McDonald was taken to the hospital for treatment. Before being taken to the hospital, McDonald told the police that his attacker was young and blond. He could not describe him further.
A bystander informed the police that she had seen the attackers drive away in a white Ford with temporary license tags. Bramer confirmed this observation and was able to give the police a description of the person who hit McDonald. The officer who took the statement from McDonald, Deputy Canada, testified that, based on the description of the attackers and the description of the car, he believed that he knew the identity of the person.
At trial, Canada testified that, earlier that same evening, he had seen a white Ford with temporary license tags. When the car pulled up beside him, the passengers waved to him, and he recognized them because he had "had contact and arrested every one of them in that car before." After talking with McDonald and Bramer, Canada proceeded to the home of the person who he believed owned the white Ford and in fact located the car parked in the driveway. He took statements from Trainor and Strusman, and Darrell Ford's name "came up" in the conversation.
Canada attempted to locate Ford, but could not. He testified that he contacted the Bureau of Records to prepare a photo lineup, which he planned to show to Bramer. At trial, Canada stated, "I had Darrell's information, I had his control number, I contacted B[ureau] of R[ecords], asked if I could have a photo line up." After obtaining the lineup photographs, he showed then to Bramer. Bramer was able to identify Ford as the one who had hit McDonald with the bottle.
Ford now claims that the trial court erred in admitting Deputy Canada's testimony that he had arrested all of the individuals in the white Ford. Ford claims that this testimony was inadmissible character or "other acts" evidence.
Evid.R. 404(B) prohibits the introduction of prior crimes, wrongs, or acts committed by a person in order to show that he acted in conformity therewith. In this case, defense counsel made no objection at trial to the testimony; therefore, we review the admission of the evidence for plain error. This court will not reverse the decision of the trial court under the plain-error doctrine unless the defendant demonstrates that the court committed error and that, "but for the error, the outcome of the trial clearly would have been different otherwise."[1]
We note first that there was no dispute that Ford was not in the white Ford car, but followed his friends in a separate car. Thus, the testimony that Canada had arrested each of the passengers in the white car did not implicate any prior bad acts that Ford might have committed. The testimony could only have been directed to Stursman, Trainor and Jenna Sanders, who were witnesses at trial. However, Evid.R. 404, by its terms, applies to all character evidence, not simply character evidence of persons accused of crimes.
The state argues that the testimony was not admitted for the purpose of showing that Stursman, Trainor and Sanders acted in conformity with their prior bad acts. Under Evid.R. 404(B), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Such evidence may, however, be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The Staff Note to Evid.R. 404(B) emphasizes that this list of justifiable purposes for evidence of other acts is not exclusive or exhaustive. Therefore, a party may introduce relevant "other acts" evidence when that evidence is not offered to prove character, even if the purpose for its admission is not one of those enumerated in Evid.R. 404(B).
In this case, the state claims that Deputy Canada's statement was directed not to the witnesses' characters, but to the reason he took the action he did after receiving a description of the car and the persons involved in the fight. Therefore, the state argues, the purpose of the testimony was not one forbidden by Evid.R. 404(B), and the trial court committed no error in allowing the testimony.
However, even if the testimony was improper character evidence, we hold that admission of the testimony was not plain error. Considering the context of the testimony and the strong evidence against Ford, there is no reasonable probability that the arguably erroneous admission of Canada's single reference to the witnesses' prior arrests changed the outcome of the trial.
Ford also points to Canada's testimony that he had Ford's "control number" and was therefore able to arrange a photo lineup. The references to Ford's control number and the Bureau of Records arguably communicated to the jury, albeit indirectly, the fact that Ford had previously been arrested. Ford claims that this testimony violated Evid.R. 404(B).
Ford's counsel did not object to the admission of the evidence at trial; therefore, Ford waived any error, except for plain error, in the admission of the evidence.[2] In this case, we cannot say that, but for the claimed error, the outcome of the trial would clearly have been different. The evidence against Ford consisted of an eyewitness identification of him as the person who assaulted McDonald with the bottle. We hold that, in light of this strong evidence against Ford, there is no reasonable probability that but for the indirect reference to Ford's prior acts, the outcome of the trial court have been different. Therefore, we overrule Ford's first assignment of error.
In his second assignment of error, Ford claims that the trial court erred in striking the following testimony, which occurred during defense counsel's examination of Trainor:
Q. What happened then?
 A. * * * I got out of the car, walked over there [where the fight was occurring] and as soon as I started walking over there they had come around the side of the building and Justin had a lump on his head, and like a little abrasion right here on his eye, and Scott was running. He said, Man, we got to go. We got to go. His foot was bleeding, he could barely run. I said, What happened? He said, Man, I just hit somebody with a bottle. I just hit somebody with a bottle.
Ms. Stautberg: Objection, your honor.
The Court: Sustained. Strike. Hearsay.
 Q. Go ahead and tell us. You can tell us what happened, you just can't tell us what somebody else said.
Once again, because counsel did not indicate any disagreement with the court's ruling or attempt to bring the statements in through an exception to the hearsay rule, we review the claimed defect for plain error.
First, we hold that the trial court erred in sustaining the objection of the prosecutor to the testimony. The alleged statement by Scott Herth was admissible pursuant to the hearsay exception that allows statements against the declarant's interest or the exception allowing the admission of excited utterances. In this case, Herth's statement that he hit someone with a bottle was against his penal interest, as it was tantamount to a confession to the assault on McDonald.
However, we hold that the error was not plain error. We cannot say that, but for the court's error in striking the testimony, the outcome of the trial would not have clearly been different.[3] Both Trainor and Stursman testified that Herth, not Ford, was present with them when the physical altercation occurred, and Ford's girlfriend also testified that Ford was with her during the entire evening, and that he did not hit anyone. Thus, Herth's alleged statement would have been merely cumulative evidence of the identity of the person who assaulted McDonald. Based on these facts, we hold that the court's striking of the testimony was not plain error.
In his third assignment of error, Ford claims that he was denied the effective assistance of counsel. He claims that his counsel's representation was deficient because counsel did not object to the evidence discussed in the first assignment of error. To prevail on such a claim, Ford must show (1) that counsel performed so deficiently that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment and (2) that counsel's errors were prejudicial.[4] Counsel's performance is "deficient" when it falls below an objective standard of reasonable representation.[5]
To demonstrate prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. The Supreme Court of Ohio has recently held that "`[a] reasonable probability is a probability sufficient to undermine [the court's] confidence in the outcome.'"[6]
In this case, we hold that counsel's failure to object to the evidence did not render his representation deficient. The allegedly improper testimony was not directly elicited by the state, but rather was volunteered by Canada during direct examination as a way of explaining the reasons he did what he did in the investigation. The references were made only in passing, and defense counsel could quite properly have decided that an objection would bring the statements to the jurors' attention again, unduly emphasizing them in their minds. By not objecting to the references, counsel could have been downplaying the significance of the remarks and focusing merely on creating a reasonable doubt as to the identity of the perpetrator.
Also, there is no reasonable probability that, had counsel objected to the evidence, the outcome of the trial would have been different. The defense in this case was that Herth, not Ford, hit McDonald with the bottle. Herth was a passenger in the white car, which Canada said was full of persons whom he had previously arrested. Thus, Canada spoke about not only Ford's control number, but specifically the fact that Herth had been arrested by him before. It is not probable that the jurors, who allegedly perceived both Ford and Herth to have criminal records, would not have found Ford guilty had they believed that neither
had a criminal record. We hold that even if counsel's representation was deficient, there was no prejudice to Ford.
In his fourth and fifth assignments of error, Ford claims that the verdict was not supported by sufficient evidence and was against the manifest weight of the evidence. To reverse a conviction for insufficient evidence, a reviewing court must be persuaded, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[7]
Sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law.[8]
To reverse on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[9]
In this case, the state produced evidence that Bramer witnessed the assault on McDonald and later made a positive identification of Ford as the person who committed the assault. No one else actually saw who hit McDonald. There is no dispute that McDonald suffered serious physical injury from the assault. Accordingly, we hold that sufficient evidence existed as to each of the elements of felonious assault to convict Ford, and that the verdict was not against the manifest weight of the evidence.
The judgment of the court of common pleas is affirmed.
Judgment affirmed.
 Hildebrandt, P.J., Gorman and Painter, JJ.
[1] See State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus; State v. Campbell (1994), 69 Ohio St.3d 38,41, 630 N.E.2d 339, 345.
[2] See Long, supra, 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus; Campbell, supra,69 Ohio St. 3d at 41, 630 N.E.2d at 345.
[3] See id..
[4] See Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064.
[5] See id. at 690-691, 104 S.Ct. at 2066.
[6] State v. White (1999), 85 Ohio St.3d 433, 450, 709 N.E.2d 140,157, citing Strickland at 694, 104 S.Ct. at 2068. See, also,State v. Bradley (1989), 42 Ohio St.3d 136, 142-143,538 N.E.2d 373, 379-381, and paragraphs two and three of the syllabus.
[7] State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[8] State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546.
[9] State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720, cited with approval in State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546.